UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-1813 JGB (RNBx)** | Date | May 4, 2015 |
| Title | *Therese Coppi v. City of Dana Point, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| Maynor Galvez | Adele C. Frazier |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Russell C. Handy | A. Patrick Munoz |

**Proceedings:**    Hearing on Motions and Order (1) GRANTING in Part Plaintiff's Motion for an Award of Attorney's Fees and Litigation Expenses (Doc. No. 168) and (2) Ruling on the Parties' Applications to Tax Costs (Doc. Nos. 157-60)

     Before the Court is a Motion for an Award of Attorney's Fees filed by Plaintiff Therese Coppi ("Coppi"). ("Motion," Doc. No. 168.) Also before the Court is an Application to Tax Costs filed by Coppi against Defendant City of Dana Point ("Dana Point" or "the City") (Doc. No. 158), and Applications to Tax Costs filed by Dana Point and the County of Orange ("Orange County" or "the County") against Coppi (Doc. Nos. 157, 160).[1] After considering the papers timely filed in support of and in opposition to the Motion and the applications, the Court GRANTS the Motion in part and rules on the applications to tax costs as explained below.

## I. BACKGROUND

     Coppi filed this action on November 22, 2011, alleging that the condition of the facilities at the Dana Point Headlands violated the Americans with Disabilities Act ("ADA") and the California Disabled Persons Act ("CDPA"). Dana Point filed a motion for summary judgment as to all of Coppi's claims; the Court denied the motion because the facilities at the Headlands were owned in part by Orange County and Dana Point and it was unclear what obligations arose under the ADA by virtue of those ownership stakes.

---

[1] Dana Point initially filed its application to tax costs on March 9, 2015, but later filed an amended application on March 10, 2015. (See Doc. Nos. 159, 160.)

The Court held a bench trial from May 20 to May 22, 2014. At a hearing on December 1, 2014, the Court issued its tentative Findings of Fact and Conclusions of Law. (Doc. No. 152.) The Court indicated that it was inclined to find that Dana Point had violated the ADA because it had failed to operate the Funicular, a sloped train that traversed a cliff about 80% of the way down to Strand Beach, on a regular basis throughout the year. The Funicular is owned and operated by Dana Point; Orange County owns a staircase that is adjacent and parallel to the Funicular. The Court also indicated that it was inclined to enter judgment in favor of Dana Point and Orange County on all other claims aside from the ADA claim related to the Funicular, as Coppi had failed to meet her evidentiary burden as to those claims.

At the hearing, the Court asked Coppi and Dana Point to submit supplemental briefs on certain issues. In Dana Point's brief, it noted that the day after the December 1, 2015 hearing, the Dana Point City Council voted to make changes to the Funicular's operation policies. Those changes were substantially similar to the changes the Court was inclined to impose as a result of its finding that Dana Point's Funicular operation policies violated the ADA. As a result, the Court found that no injunction was required to be entered against Dana Point and judgment was entered against Coppi as to all claims. The Court also held, however, that Coppi was a prevailing party because Dana Point had undertaken these changes as a result of the Court's tentative ruling.

The Court issued its Findings of Fact and Conclusions of Law on February 23, 2015. (Doc. No. 155.) On March 9, 2015, Coppi filed an application to tax costs against Dana Point and Orange County (Doc. No. 158); that same day, Orange County filed an application to tax costs against Coppi (Doc. No. 157), as did Dana Point (Doc. No. 159). Coppi filed objections to Dana Point and Orange County's applications (Doc. Nos. 161, 162), to which Dana Point and Orange County filed replies (Doc. Nos. 163, 164). Dana Point also filed objections to Coppi's application to tax costs. (Doc. No 165.) On March 22, 2015, Coppi filed her reply in support of her application to tax costs. (Doc. No. 169.)

On March 22, 2015, Coppi filed a motion seeking an award of attorney's fees and litigation expenses. Dana Point filed its Opposition on April 13, 2015. ("Opp'n," Doc. No. 172.) Coppi replied on April 20, 2015. (Doc. No. 176.)

## II. LEGAL STANDARD[2]

The ADA provides that "the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205. Nevertheless, the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant" in ADA litigation. Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 418-19 (1978). In the Ninth Circuit, fees and costs should only be awarded to prevailing defendants "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Summers v. Teichert &

---

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997); Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1052 (9th Cir. 2009) (citing Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2011) (stating that the standard for awarding attorneys' fees to a defendant under the ADA "also applies to the award of costs under the ADA").

### III. DISCUSSION

**A. Attorney's Fees**

Coppi's Motion seeks an award of attorney's fees and litigation expenses against Dana Point.[3] Though the Court entered judgment against Coppi as to all of her claims, the Court noted in its Findings of Fact and Conclusions of Law that

> even though Coppi will not be awarded damages and the Court will not enter an injunction against Dana Point, the Court considers her to be a "prevailing party." . . . Here, there has been a material alteration of the relationship of the parties: this lawsuit caused Dana Point to memorialize a City policy that, until this action, was unstated and unpublicized. Dana Point added additional signage to the Funicular and updated its website to reflect the availability of this policy; it is likely, if not certain, that codifying this policy will require Dana Point to operate the Funicular at times when it would have otherwise stayed deactivated absent this litigation. Moreover, the alteration in the relationship of the parties was judicially sanctioned. Dana Point's adoption of Resolution No. 14-12-2-1 occurred one day after the Court tentatively ruled that it would enter an injunction against Dana Point. That resolution adopted all of the conditions the Court would have otherwise imposed in an injunction; but for the resolution, the Court would have awarded Coppi the injunctive relief she sought.

(Findings of Fact and Conclusions of Law at 42-43.) As the Court found Coppi to be a prevailing party, she argues the Court should award her attorney's fees pursuant to 42 U.S.C. § 12205. (Motion at 3.)

Coppi asserted four claims in her action against the Defendants, alleging that: (1) Dana Point violated the ADA because (a) there is no accessible wheelchair accessible path from the parking lot overlooking the beach to the Boardwalk adjacent to the beach and (b) the Funicular failed to operate on a regular basis year-round; (2) Dana Point violated the CDPA on account of the previously alleged ADA violations; (3) Orange County violated the ADA because it did not provide a wheelchair accessible from the parking lot overlooking the Boardwalk adjacent to the beach; and (4) Orange County violated the CDPA on account of the previously alleged ADA violation. (Pretrial Conference Order ("PTC") (Doc. No. 110) at 2.)

---

[3] Coppi did not request attorney's fees against Orange County, as she did not prevail on any claims it.

In its Opposition, Dana Point does not dispute the Court's finding that Coppi is entitled to attorney's fees in this action as the prevailing party, nor does it dispute the reasonableness of plaintiff's counsel's proposed hourly rate or the reasonableness of specific billing entries in support of the Motion. (Opp'n at 4 & n.1.)

The Court's independent review of the billing entries also reveals that Coppi's counsel's requested billing rate and hours expended prosecuting this case were reasonable. "As the Supreme Court recently reiterated, under federal fee-shifting statutes 'the lodestar approach' is 'the guiding light' in determining a 'reasonable' fee." Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1176 (9th Cir. 2010) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010)). "Under that method, the court first determines the appropriate hourly rate for the work performed, and then multiplies that amount by the number of hours properly expended in doing the work. Although 'in extraordinary circumstances' the amount produced by the lodestar calculation may be increased, 'there is a strong presumption that the lodestar is sufficient.'" Id. (internal citations omitted). Counsel for Coppi have submitted numerous declarations and previous court orders approving their requested rates of billing; those rates are reasonable and commensurate of each attorney who worked on the case. Moreover, the 391.5 hours expended in this action are also reasonable; this case was filed in 2011, and the Court considered a motion for summary judgment and motions in limine, conducted a three-day bench trial, and requested post-trial briefing. Accordingly, the Court finds the lodestar attorney's fees figure requested by Coppi of $157,775.00 to be reasonable.

Instead of arguing the amount of time spent prosecuting the case or the billing rate per hour for Plaintiff's counsel is unreasonable, Dana Point instead contends that because Coppi was only successful as to one part of one of her four claims, she should only be entitled to one eighth of her proposed fee award (by dividing the requested fee award by four, and then dividing that quotient again by two to account for the fact that she only prevailed as to one part of her first claim). (Opp'n at 1, 9.)

Dana Point points to two cases for the proposition that Coppi's requested fees should be awarded on an apportioned basis consistent with the relief she ultimately obtained. The City cites Hensley v. Eckerhart, 461 U.S. 424 (1983), for the proposition that

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiffs claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

(Opp'n at 6-7 (quoting Hensley, 461 U.S. at 436).) Dana Point also contends that "no fees should be awarded for work done on the losing claims." (Id. citing Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 619 (9th Cir. 1993).)

Coppi does not dispute that fees may be apportioned in instances where a plaintiff is successful on one claim but unsuccessful on unrelated claims. (Reply at 3-4.) Coppi maintains, however, that all of her claims were interrelated and thus resists the suggestion that the fee award here must be apportioned by claim. (Id. at 4 ("In the present case, there were no unrelated claims. . . . The City never argues that the plaintiff's complaint involved unrelated claims.").)

The Court first points out that Dana Point's citation to Outdoor Sys., lacks context. In Outdoor Sys., the Ninth Circuit said

> *Hensley* requires the court *to determine first* if the plaintiff's losing claims were related to the plaintiff's successful claims; if they were not, no fees should be awarded for work done on the losing claims. If the claims were related, the court must then evaluate the significance of the result achieved and calibrate the compensation accordingly.

Outdoor Sys., 997 F.2d at 619 (emphasis added). Dana Point would have the Court short-circuit this analysis by disregarding the relatedness of successful and unsuccessful claims and jumping directly to the determination of whether fees should be awarded on the basis of success alone. As explained in Muniz v. United Parcel Serv., Inc., 738 F.3d 214 (9th Cir. 2013), however, this is impermissible.

In Muniz, the defendant argued that the district court erred by not further reducing plaintiff's attorney's fees award, as she had either abandoned or failed to succeed on her age discrimination, retaliation, and punitive damages claims, and only succeeded on one allegation of three in her gender discrimination claim at trial. Id. at 224. The Ninth Circuit explained that "before hours may be deducted specifically for unsuccessful claims, the claims must be suitable for entirely separate lawsuits. They must be distinct in both fact and law. To deduct time, the court must find that the time deducted did not aid in proving the successful claims." Id. (internal citations omitted).

The Ninth Circuit has also explained that "[t]he test for relatedness of claims is not precise. However, related claims will involve 'a common core of facts' or will be based on related legal theories, while unrelated claims will be 'distinctly different,' and based on different facts and legal theories." Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986).

In accordance with Muniz, the Court will first determine if Coppi's losing claims were related to her successful claims. Before doing so, however, the Court will briefly discuss Dana Point's proposed apportionment scheme. As noted above, Dana Point contends that Coppi's proposed fee award should be divided by four, as she was only successful as to one of her four claims (one successful claim and one unsuccessful claim against Dana Point and two unsuccessful claims against Orange County). As Coppi has only requested fees for time spent addressing Dana Point's liability and issues of liability intertwined between the Dana Point and Orange County, this proposal falls short.[4] To divide the proposed fee award by four would be a

---

[4] Coppi's counsel stated in the Motion that "the plaintiff has redacted all entries that reflect work done solely for claims against the County." (Mot. at 1.) Dana Point disputes this (continued . . .)

windfall for Dana Point, as only two claims were made against it; in other words, the Court will not afford Dana Point credit for Orange County's victory at trial.

With respect to the relatedness of Coppi's claims against Dana Point, it is hard to imagine how her two claims could be more related. One claim was for a violation of the ADA, broken into two subparts: overall access to the facilities at the Headlands and operation of the Funicular, and the second claim was for violation of the CDPA by failing to comply with the ADA. As the Court noted in its Findings of Fact and Conclusions of Law, every violation of the ADA is a violation of the CDPA. (See Findings of Fact and Conclusions of Law at 4 n.4 (citing Cal. Civ. Code § 54.1(d).) By definition, those two claims involved a common core of facts and related legal theories.

Given the relatedness of the claims against the City, the Court declines to adopt the City's proposal of dividing the proposed fee award by four, and then dividing that quotient by two to reflect Coppi's success as to one aspect of one claim in the case. The Court is next required to "evaluate the significance of the result achieved and calibrate the compensation accordingly." Outdoor Sys., 997 F.2d at 619.

Here, Coppi achieved a significant result; because of her efforts, Dana Point changed its policies regarding the operation of the Funicular. As the Court has explained, Coppi's primary complaint was that she could not access the Boardwalk adjacent to Strand Beach. Reaching the Boardwalk required a wheelchair accessible path of travel from the parking lot to the beach. Coppi faced two barriers between the parking lot and the beach: the Funicular, which was not operational at all times of the year, and the steep emergency access road owned by the County. Coppi successfully persuaded the Court that Dana Point's policy of only occasionally operating the Funicular violated the ADA. She was unsuccessful in proving that the City or the County had failed to meet its obligations under the ADA regarding the accessibility of the emergency access road. The evidence submitted at trial was that Coppi could conceivably traverse the emergency access road with the assistance of a family member or friend, but this would only be possible if she could get to the road using the Funicular. If the Funicular was not operational, there was no way she could get to the emergency access road. As the Court previously explained, the operation of the Funicular was a thus necessary but insufficient condition for accessing the beach and the Boardwalk.

---

( . . . continued)
"bald assertion . . . that time entries reflecting work related to the County's claims have been 'redacted' from Plaintiff's fee claim," noting that there are two billing entries in the fee request related to the deposition of County employees and that counsel for Coppi also billed for an entire trial day despite the fact that only County witnesses testified on that day of trial. (Opp'n at 3-4.) The Court will deduct the hours noted for the deposition of County witnesses, but finds that the remainder of the entries do not clearly relate to Plaintiff's case against Orange County and will accept counsel's representation that all the billing entries provided in the Motion relate to Dana Point. The Court also finds that even though day two of the trial only involved County witnesses, billing entries related to the trial will not be reduced.

As Coppi was not entirely successful as to her claims against Dana Point, a reduction is appropriate here, but not to the extent Dana Point requests. "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction,'" unless the percentage is 10% or less. Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013). The Court finds that a 20% reduction to the lodestar is appropriate, given Coppi's success, which was substantial but incomplete. Accordingly, after deducting the award for the time spent deposing County employees (10 hours x $250.00/hour = $2,500), the Court will award Coppi 80% of her requested fee award, or $121,640.00.[5] The Court also awards $3,225.00 in litigation expenses, for a total of $124,865.00.

### B. Costs

As noted above, Coppi filed an application to tax costs against Dana Point and Orange County, and Dana Point and Orange County have filed applications to tax costs against Coppi. The Court discusses each in turn.

#### 1. Dana Point's Costs

Dana Point contends that it "is not seeking costs under F.R.C.P. Rule 54 [sic] on the basis that it is the prevailing party. Rather, the City is seeking repayment of its post-offer costs because the relief obtained by Plaintiff at trial (no monetary damages and no injunctive relief) was less than the amount offered by the City pursuant to Rule 68 ($7,500)." (Response to Plaintiff's Objections to Defendant City of Dana Point's Application for Costs ("Dana Point Response") (Doc. No. 165) at 1.)

Rule 68 provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(a), (d). "In determining the value of the relief, the defendant bears the burden of showing that the Rule 68 offer was more favorable than the judgment." Reiter v. MTA New York City Transit Auth., 457 F.3d 224, 231 (2d Cir. 2006); 12 Charles Alan Wright et al., Federal Practice and Procedure § 3006.1 (2d ed.2013).

According to Dana Point, on February 1, 2013, it made a Rule 68 offer of $7,500 "for complete satisfaction of [her] claims," which Coppi rejected. (Dana Point Response at 4; Declaration of Jeffrey B. Fohrer in Support of Dana Point's Amended Application to Tax Costs (Doc. No. 160-2) ¶¶ 1-2, Exh. 1.) Thus, as Coppi had judgment entered against her on all claims, Dana Point contends that all of its costs which accrued post-offer are recoverable. (Dana Point Response at 2.)

Coppi takes issue with this contention because Dana Point's Rule 68 offer did not contain any provision for injunctive relief, despite the fact that injunctive relief "was the primary purpose

---

[5] Calculated as ($154,550.00 - $2,500.00) x .80 = $121.640.00.

Page 7 of 10     CIVIL MINUTES—GENERAL     Initials of Deputy Clerk MG
Time: 00:20

of the lawsuit and the first prayer in the Complaint." (Coppi's Objection to Dana Point's Application to Tax Costs (Doc. No 161) at 4.)

Throughout this litigation Dana Point has repeatedly pointed out that at the time of trial it had a policy to operate the Funicular upon request for persons with disabilities, but it did not publicize it; rather, it was an unofficial City policy that was not memorialized. Thus, Dana Point argues that because the City already had such a policy in place, the Court should take a dim view of the result Coppi achieved here because "the only relief the Plaintiff gained by proceeding to trial is the relatively nominal value associated with the additional publication [of the policy] which was voluntarily provided by the City. The nominal value of additional publication is not worth more than the $7,500.00 Offer . . ." and therefore costs must be awarded. (Dana Point Response at 2-3.)

The Court takes issue with this assertion. First, Dana Point steadfastly denied that its existing Funicular operation policy violated the ADA from the inception of the case through post-trial briefing. Dana Point has consistently stated that since the Funicular's opening, there was a policy in place to operate it upon request, thereby satisfying its ADA obligations. Thus, Dana Point argues that Coppi really has received little benefit from this litigation. But if the City truly thought it was in compliance with the ADA through this unpublicized and unofficial policy, it could have easily offered to make the "voluntary" changes it made post-trial as part of its Rule 68 offer. It did not, and chose instead to contest this action through trial.

The communications between counsel for Coppi and Dana Point also show that the lack of any injunctive relief was a major stumbling block to resolving this case prior to trial. For example, Coppi attaches correspondence between her counsel and counsel for Dana Point regarding settlement negotiations; in that discussion, counsel for Coppi stated that "my client's demand for settlement as to the City is: (1) a negotiated resolution to the use of the Funicular upon reasonable demand; (2) $7,500 in damages." (See Doc. No. 168-8 at 1.) This discussion confirms that Coppi's primary goal in this litigation was a concession to use the Funicular upon request, not an award of monetary damages. Counsel for Dana Point even admitted in this correspondence that "the [damages] amount you are talking about is so low" that settlement was not out of the question. (Id. at 2.) Notably, counsel for Dana Point could have revealed at that time that the City already had a policy to operate the Funicular upon request, thereby increasing the chances of settlement, but chose not to disclose this information.

Moreover, the City repeatedly notes that judgment was not entered in Coppi's favor, and she received no injunctive relief or monetary damages. But as explained in the Court's Findings of Fact and Conclusions of Law, the Court was ready to enter judgment in Coppi's favor and enter an injunction against Dana Point at the time of the December 1, 2014 hearing. It was only Dana Point's subsequent actions—which were undertaken well after trial and in response to the Court's tentative ruling—that deprived Coppi of that victory.

Given that Coppi's request for equitable relief was of paramount importance to this litigation, the Court finds that the result Coppi achieved was more favorable than the unaccepted offer. Put another way, Dana Point has failed to meet its burden to show that the remedial measures it undertook as a result of this Court's tentative ruling are worth less than its Rule 68 offer. Accordingly, the Court finds that costs do not shift from Dana Point to Coppi. See Prison

Legal News v. Columbia Cnty., 2014 WL 1225100, at *5 (D. Or. Mar. 24, 2014), appeal dismissed (July 1, 2014) (declaratory and injunctive relief exceeded Rule 68 offer of $21,000); Reiter, 457 F.3d at 229 (equitable relief worth more than $10,000, and lower court's finding to the contrary "fail[ed] to appreciate the significance of equitable relief in civil rights litigation").

With respect to Coppi's application to tax costs against Dana Point, she is entitled to costs as a prevailing party. See 42 U.S.C. § 12205 (allowing a prevailing plaintiff to recover attorney's fees, litigation expenses, and costs). Dana Point objects to $300 in costs to her expert Greg Izor because, while Mr. Izor was present at trial, Coppi decided against calling him as a witness and did not seek to admit his expert report. (Objections of Defendant City of Dana Point to Plaintiff Therese Coppi's Application for Costs (Doc. No. 165) at 2.) The Court sustains the City's objection to these costs. The Court awards Coppi her requested costs against Dana Point with the exception of Mr. Izor's witness fees, for a total costs award of $3,678.12.

**2. Orange County's Costs**

Orange County takes a different position in its request to tax costs against Coppi: that her action was "frivolous, unreasonable, and without foundation" as it related to her claims against the County. (Orange County Reply Brief in Support of its Application for an Award of Costs (Doc. No. 163) at 3.) "Attorney's fees under § 12205 should be awarded to a prevailing defendant only if 'the plaintiff's action was frivolous, unreasonable, or without foundation.'" Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001) (some quotation marks omitted). The Ninth Circuit has cautioned, however, that courts should not award fees to defendants in ADA cases "simply because a plaintiff did not ultimately prevail." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1266 (9th Cir. 2015) (citation and some internal quotation marks omitted).

The Court rejects the argument that Coppi's action against Dana Point or Orange County was frivolous. This action survived summary judgment and proceeded to trial. The Court denied Orange County's Rule 52(c) motion at trial and issued lengthy Findings of Fact and Conclusions of Law, ultimately finding that she had failed to meet her burden of proof as to her claims against Orange County, not that her claim failed as a matter of law. Coppi prevailed in this against Dana Point, as discussed above. As Coppi points out, this case dealt with unresolved legal questions related to the government's obligations to accessible facilities even in the absence of specific regulations. "The law grows with clarity for benefit of the public through such actions even if they are not successful." Kohler, 780 F.3d at 1267. Accordingly, the Court finds that costs do not shift from Orange County to Coppi.

**IV. CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Coppi's Motion for Attorney's fees is GRANTED IN PART. The Court awards Coppi $124,865.00 in attorney's fees and litigation expenses.
2. Dana Point's Application to Tax Costs is DENIED.
3. Orange County's Application to Tax Costs is DENIED.

4. Coppi's Application to Tax Costs against Dana Point is GRANTED IN PART. The Court awards $3,678.12 in costs.

**IT IS SO ORDERED.**