UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-407 JGB (DTBx)** | Date | October 1, 2015 |
|---|---|---|---|
| Title | ***Robert Elguezabal v. Thomas Incho Hwang et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Order (1) GRANTING IN PART Plaintiff's Motion for Attorney's Fees; and (2) VACATING the October 5, 2015 hearing (IN CHAMBERS)**

Before the Court is Plaintiff's Motion for an Award of Attorney's Fees.  (Doc. No. 55.) The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motion for Attorney's Fees, the Court GRANTS IN PART the Motion. The October 5, 2015 hearing is VACATED.

## I.  BACKGROUND

On March 4, 2015, Plaintiff Robert Elguezabal ("Plaintiff") filed this action against Defendants Thomas Incho Hwang ("Defendant") and Dedar Goraya,[1] alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and seeking statutory damages under California's Unruh Civil Rights Act ("UCRA").  (Doc. No. 1.)  On July 31, 2015, Plaintiff filed a motion for summary judgment against Defendant, (Doc. No. 40), which the Court granted on August 21, 2015, (Doc. No. 52).  Judgment was entered against Defendant that same day.  (Doc. No. 53.)

Plaintiff, as the prevailing party, filed a Motion for an Award of Attorney's Fees against Defendant on September 2, 2015.  ("Motion," Doc. No. 55.)  On September 22, 2015, Defendant filed an opposition.  ("Opp'n," Doc. No. 58.)  Defendant's opposition was not timely filed.  See Local Rule 7-9.  For that reason, Plaintiff's reply brief, which was filed on September 21, 2015,

---

[1]  Plaintiff only obtained a judgment in this action against Defendant Hwang. Accordingly, the Court's use of "Defendant" herein refers only to Defendant Hwang.

does not respond to Defendant's arguments made in opposition to the Motion. ("Reply," Doc. No. 56.)

## II.   LEGAL STANDARD

Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. See Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc., 707 F.2d 425, 428 (9th Cir. 1983).  Under the ADA, the court may, in its discretion, award the prevailing party a reasonable attorney's fee as well as litigation expenses and costs.  42 U.S.C. § 12205.  Further, under the UCRA, a defendant "is liable for" any attorney fees suffered by any person denied the rights provided by the UCRA.  Cal. Civ. Code § 52(a); see also Alaska-Rent-A-Car, Inc. v. Avis Budget Group, Inc. 738 F.3d 960, 973 (9th Cir. 2013) (stating that in an action involving state law claims, the court applies the law of the forum state to determine if a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule).

When an award of attorney's fees is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)). In such cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar based on the factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. To the extent that the Kerr factors are used to adjust the first prong determination of "reasonable" hours times "reasonable" rate, they may not be "double count[ed]" later. See Corder v. Gates, 947 F.2d 374, 377 (9th Cir. 1991).

### III.   DISCUSSION

Plaintiff seeks a total of $23,415[2] in attorneys' fees for the work of six different attorneys on this case.  (Doc. Nos. 55-3 at 1-2, and 56 at 1.)  Plaintiff also requests a sum of $200 in litigation expenses for a total award of $23,615.  (Id.)  Defendant does not dispute that Plaintiff is entitled to attorney's fees as the prevailing party, nor does he dispute the reasonableness of Plaintiff's proposed hourly rates for Plaintiff's attorneys or the reasonableness of specific billing entries.  (Opp'n at 3.)  Rather, Defendant contends Plaintiff's motion should be denied "because of procedural tricks and abuses."  (Id.)

#### A.  Defendant's Procedural Arguments are Meritless

Defendant argues that Plaintiff did not meet and confer with him pursuant to Local Rule 7-3 regarding this motion.  However, in Defendant's declaration, he declares Plaintiff's counsel informed him during post-judgment settlement discussions that Plaintiff intended to file a motion for attorney's fees for more than $20,000.  (Opp'n at 6, ¶ 6.)  This substantiates Plaintiff's statement that Plaintiff's counsel conferred with Defendant, or his interpreter Jin Ree, regarding this motion on August 21, 2015.  (Motion at 2.)  Accordingly, the Court finds Plaintiff has satisfied the meet and confer requirement.

Defendant also claims that he was not properly served with this motion.  (Opp'n at 6.)  The proof of service accompanying this motion states that the motion and attached exhibits were mailed from San Diego, California to Defendant's address of record on September 2, 2015.[3]  (Doc. No. 55-10.)  Defendant makes contradictory statements regarding whether he received the motion.  First, he states that around September 9, 2015, he met with his interpreter and talked with Plaintiff's counsel over the phone regarding the motion, "because I had not been served their motion paper yet until that time."  (Id., ¶ 7)  The Court interprets this statement to mean that he was served with this motion on September 9, 2015, which prompted him to contact Plaintiff's counsel.  This is supported by Defendant's next statement that he requested Plaintiff's counsel to continue the hearing date because he "had not been served the motion paper until that time."  (Id. at 7, ¶ 10.)  Therefore, the Court finds Defendant was adequately served with this motion notwithstanding his subsequent statements that additional copies of the motion had not yet arrived by September 18, 2015. (See id. ¶¶ 12, 13.)

Defendant's last argument that Plaintiff's motion should be denied is also unpersuasive.  Defendant states that Plaintiff's counsel "intimidate[ed] and discourage[ed]" Defendant's interpreter, Jin Ree, by threatening him with criminal prosecution.  (Opp'n 4.)  This is not a valid

---

[2] Initially, Plaintiff sought $26,390 in attorney's fees.  (Doc. No. 55-3 at 1.)  However, because Defendant did not timely file an opposition, Plaintiff did not draft a substantive reply.  Additionally, the Court is vacating the hearing on this motion.  For these reasons, Plaintiff requested the Court deduct seven hours prospectively billed by Mark Potter for these tasks.  (Reply at 1-2.)  Thus, the revised lodestar amount is $23,415.

[3] Defendant claims there was a "very short interval period between filing day and the hearing day."  (Opp'n at 4.)  This is incorrect.  See Local Rule 6-1.

reason to deny this motion.  Mr. Ree is not a party to this case, and further, the Court has previously admonished Mr. Ree regarding the unauthorized practice of law.  (See Doc. No. 38.)

For these reasons, the Court is not persuaded by Defendant's arguments to dismiss this motion for "procedural tricks and abuses."  The Court now turns to Plaintiff's requests for attorney's fees and costs.

## B.  Attorneys' Fees

### 1.  Reasonable Hours

Plaintiff's counsel reports that they have spent 83.3 hours litigating this case since January 2014.  ("Billing Statement," Doc. No. 55-3; see also Reply at 1.)  Counsel have provided time records supporting their fee request, in which they list the hours spent on tasks for each timekeeper.  (Id.)  The time records reveal that six attorneys worked on this matter: Mark Potter, Phyl Grace, Dennis Price, Christina Sosa, Amanda Lockhart, and Chris Seabock.  (Id.) Plaintiff's counsel spent their time engaged in various aspects of litigation: meeting with the client; researching the property; drafting the complaint, discovery requests and responses, the motion for summary judgment, and several trial documents; and meeting and conferring with Defendant and his interpreter.  (Id.)

Defendant does not argue that the hours spent were unreasonable.  The Court has reviewed the time records submitted, and while it does not appear that Plaintiff's counsel engaged in duplicative billing, the Court does find that some of the time Plaintiff's counsel spent on various tasks was excessive and/or unnecessary.  The district court may exclude any hours that are excessive, redundant, or otherwise unnecessary.  Hensley, 461 U.S. at 434.

Mark Potter, an experienced attorney who has litigated many similar cases, billed 2 hours conducting research to determine the identity of the responsible parties for the violations of the ADA. (Billing Statement at 2.)  The Court finds this excessive and will reduce this time by 30% for a reduction of 0.7 hours.  Additionally, the 2.4 hours Mr. Potter billed for drafting discovery requests was also excessive.  The Court will reduce that time by 30% for a reduction of 0.7 hours.  Further, the Court finds the 3.1 hours Mr. Potter spent drafting the mediation brief to be excessive and reduces that time by 30% for a reduction of 0.9 hours.

Dennis Price billed 4.9 hours for the preparation of, travel, and taking of the deposition of Defendant Dedar Goraya.  (Id. at 4.)  However, this deposition was not submitted as evidence in support of Plaintiff's motion for summary judgment against Defendant Hwang, and the Court does not see how it pertains to Plaintiff's case against Defendant Hwang.  As such, the Court will exclude it from the calculation of attorney's fees awarded against Defendant Hwang.  Further, Mr. Price billed 0.9 hours for drafting a declaration submitted in support of the motion for summary judgment.  (Id.)  The Court finds this excessive as the declaration is only a page and a half long.  Accordingly, the Court will reduce the amount billed for this task by 35%, for a total reduction of 0.3 hours.

Christina Sosa billed 0.8 hours for a discussion with Plaintiff's investigator Louis, wherein Ms. Sosa "worked out his declaration" in support of Plaintiff's motion for summary judgment. (Id. at 5.) However, Plaintiff did not submit a declaration from this investigator in support of his motion for summary judgment. As such, the Court will not consider this billing entry in its calculation of attorney's fees. Christina Sosa also billed 0.1 hours reviewing the Court's order striking Plaintiff's motion for summary judgment on the grounds that Plaintiff failed to comply with the Local Rules. (See Doc. No. 27.) The Court also ordered Plaintiff to show cause why he should not be sanctioned for that failure. (Id.) Ms. Sosa billed 0.2 hours drafting a response to the Court's order to show cause, 0.1 hours reviewing the Court's order discharging the order to show cause, and 1.3 hours for reviewing the Court's order permitting Plaintiff to refile it. (Billing Statement at 5.) Also included in this time is "reformatting the previously drafted MSJ with some minor changes." (Id.) If Plaintiff had complied with the Local Rules from the outset, these entries would not exist. As such, the Court finds this billing unnecessary and will not consider the 1.7 hours Ms. Sosa billed as a result of Plaintiff's failure to comply with the Local Rules.

Amanda Lockhart billed 0.1 hours for drafting a notice of taking the deposition of Defendant Hwang. (Id. at 7.) However, Plaintiff did not submit this deposition in support of his motion for summary judgment, and there is no evidence that this deposition ever took place. Further, Ms. Lockhart billed 0.4 hours drafting a designation of an expert. (Id.) However, no expert designation was ever submitted to the Court. Accordingly, the Court will not consider the time Ms. Lockhart billed for these tasks.

The Court finds the remaining billing entries submitted by Plaintiff's counsel to be reasonable in light of the fact that this case was litigated for eighteen months, Plaintiff twice attempted to mediate the dispute with Defendant, and the parties also spent time preparing for trial. Thus, the Court concludes that Plaintiff's counsel reasonably expended 72.8 hours in this litigation.

### 2. Reasonable Hourly Rates

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiff's counsel seeks hourly rates of $425 for Mark Potter, $350 for Phyl Grace, $250 for Dennis Price and Christina Sosa, and $200 for Amanda Lockhart and Chris Seabock. (See Billing Statement.) As evidence that these rates are reasonable, Plaintiff's counsel proffers evidence regarding these attorneys' experience in disability access litigation and success in law school. (Declaration of Mark Potter, Doc. No. 55-2 ¶¶ 5-10.) Mr. Potter also attested that "the rates billed by the Center for Disability Access for its attorneys are well within market rates." (Id. ¶ 11.) After reviewing awards in similar cases, the Court concludes that the hourly rates Plaintiff's counsel seeks are reasonable for this case.

### 3. Calculation of Lodestar

After reviewing the reasonableness of rates and hours requested by Plaintiff's Counsel, the Court finds that the lodestar is $20,412.50, prior to the consideration of a multiplier.

| Timekeeper | Hours (post-reduction) | Hourly Rate | Total Amount |
|---|---|---|---|
| Mark Potter | 14.5 | $425 | $6,162.50 |
| Phyl Grace | 4.4 | $350 | $1,540.00 |
| Dennis Price | 18.8 | $250 | $4,700.00 |
| Christina Sosa | 19.8 | $250 | $4,950.00 |
| Amanda Lockhart | 12.0 | $200 | $2,400.00 |
| Chris Seabock | 3.3 | $200 | $660.00 |

Once the "lodestar" figure is calculated, a court has discretion to adjust the figure based on certain factors. See Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). Plaintiff's counsel do not seek a modification of the lodestar. (Motion at 10.) In his opposition, Defendant does not argue that Plaintiff's attorney fees should be reduced. The Court considered the Kerr factors within the initial calculation of reasonable hours. The Court finds a further reduction in the overall fee is not warranted.

### C. Costs

Plaintiff seeks $200 for the cost of his investigator. Defendant does not dispute that Plaintiff reasonably incurred $200.00 in costs.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's Motion for an Award of Attorney's Fees. Plaintiff is entitled to $20,412.50 in attorney's fees and $200.00 in costs from Defendant Hwang for a total award of $20,612.50. The October 5, 2015 hearing is VACATED.

**IT IS SO ORDERED.**