MICHAEL A. SCAFIDDI, ESQ., (SBN: 188567)
GARY HARRISON, ESQ., (SBN: 158421)
LAW OFFICES OF MICHAEL A. SCAFIDDI, INC.
432 N. Arrowhead Ave.
San Bernardino, CA 92401
Telephone: (909) 381-1000
Facsimile: (909) 381-1077

Attorneys for Defendants: Guillermo Ocampo; Rebecca Ocampo; Gibson Brothers Janitorial Service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

| | |
|---|---|
| Samuel Love, Plaintiff, vs. Guillermo Ocampo; Rebeca Ocampo; Gibson Brothers Janitorial Service, Inc., a California Corporation; and Does 1-10 Defendants. | CASE NO: 5:15-cv-00002-JGB(SPx) DECLARATION OF GARY HARRISON United States District Court 3420 Twelfth Street, Riverside, California 92501-3819 Telephone (951) 774-1000 Complaint filed: 1/6/2015 Hearing Date: 12/07/2015 Hon. Jesus G. Bernal |

I, GARY HARRISON, declare:

1. I am attorney, duly licensed to practice law in this court, California State Barn Number 158421. I am the attorney for the Defendants herein and as such I have personal knowledge of the facts stated and if sworn, this would be my testimony.

2. Filed concurrently and incorporated herein by reference as if set forth in its entirety, is Defendants Table of Specific Objections to itemized charges in the Plaintiff's Motion for Attorney's Fees. Defendants specifically object to the itemized entries noted in the Defendants' Table of Specific Objections.

3. Defendants also, for the legal reasons more fully explained in the

concurrently filed Memorandum of Points and Authorities, to the rates asserted by Plaintiff's counsel for the routine boiler plate pleadings that they have used countless times before. Defendant contends that $300.00 is a reasonable rate for the work performed Plaintiff's three senior counsel and $200.00 per hour is reasonable for the two Junior counsel.

4.   I request the court take Judicial Notice of the fact that the following pleadings filed in this case are virtually identical to pleadings filed in prior cases including the two (2) other cases Defendants' counsel appeared in against this Plaintiff and in the other cases noted herein infra.

5.   As noted in the Declaration of Guillermo Ocampo filed in this case in opposition to the Plaintiff's motion for Summary Judgment (EC 37:3), the Plaintiff is a serial filer of these cases. That does not diminish his entitlement to an award of fees as prevailing party, but those fees must be reasonable.

6.   I am also the attorney of record for the Defendants in two other cases filed in this court by this Plaintiff (see Motion for Consolidation filed herein EC-15) captioned Samuel Love vs. Guillermo M. Ocampo, 5:15-cv-00034 and Samuel Love vs. RJR et al, 5:15-cv-00001. In both of those cases the identical forms were used for the following pleadings. I request the court take Judicial Notice[1] of the referenced pleadings from those two (2) related cases to confirm my testimony as to the repetitive and boiler plate nature of the pleadings filed.

6.   As to the Defendant's conduct of the case, the Defendants did not propound any discovery. There were no depositions taken by either side. All of Plaintiff's discovery was responded to in a timely manner. No extensions were sought. No discovery disputes arose at to the Defendants' responses. There were

---

[1] **Request for Judicial Notice is concurrently filed.**

**Declaration of Gary Harrison**  2

no disputes regarding the Rule 26 exchanges. There were no site inspections performed. The allegations of the Complaint were similar to allegations made in over one hundred other similar cases alleging handicapped parking lot signage and space violations.

7. As to the Plaintiff's Motion for Summary Judgment in this case, the following pleadings were virtually identical to the pleadings filed in 5:15-cv-00034:

    a. Notice of Motion;
    b. Declaration of Mark Potter;
    c. Declaration of Samuel Love;
    d. Declaration of Paul Bishop;
    e. Statement of Undisputed Facts and Conclusions of Law;
    f. Memorandum of Points and Authorities;
    g. Exhibits filed showing discovery requests in Motion for Summary Judgment show that all of the Special Interrogatories, Requests for Admissions and Requests for Production were all virtually identical.
    h. Reply to Opposition;
    i. Proposed Order;

8. I reviewed the records of this court for other cases in which this Plaintiff or counsel filed suit and sought Summary Judgment and was represented by this counsel and determined that in the following cases, virtually identical pleadings were used:

    a. Request Number 4 - Love v. Angel F. Guerrero 5:13-cv-01655-DMG-SP (EC-34 as to Discovery forms-EC-50-1-12 for A/Fees forms)
    b. Request Number 8 Love v. Manuel Carmona Jr et

5:14-cv-00235-VAP-SP(EC-1 Complaint; EC-14:1-12 Fee Motion)

      c.    Request Number 32 Love v. Khalid Azzam 5:15-cv-00627-JGB-KK (EC-1 Complaint; EC-26:1-17 Motion for Summary Judgment and related pleadings including discovery responses.)

      d.    Request Number 52 Langer v. Otoniel Tarin 8:14-cv-01674-DOC-AN (EC-1 Complaint; EC 17 Fee order for $3,570.00)

      e.    Request Number 53 Lopez v. S. Kim 2:14-cv-09329-MWF-AGR (EC-1 Complaint; EC-23:1-12 Motion for Summary Judgment; EC-26 Reply)

9. Mark Potter was listed as counsel of record in PACER for 2,312 cases in this District. A random sample of those cases show that the same forms are used for other Plaintiffs represented by Potter and Handy.

10. I reviewed over fifty random filings for Mr. Love by Mr. Potter and in all of the more than 50 random cases I reviewed, the Complaint used is almost identical. Most of the cases settled, or were defaulted.

11. In the random review of about 50 records out of about 2,132 I found two cases with amounts noted for attorney fee awards. As noted in the concurrent Request for Judicial Notice, those cases were:

      a.    Request for Judicial Notice Number 8, Michael Tate v. Southcoast Automotive Liquidators, Inc. SACV 14-1748-JLS (JPRx) (EC 14:page 13 of 14 setting Default Fees in similar default case at $600.00 with attorney Mark Potter counsel for Plaintiff June 3, 2015.

      b.    Request for Judicial Notice Number 10 Langer v. Otoniel Tarin 8:14-cv-01674-DOC-AN - EC 17 Fee Order for $3,570.00.)

11. The awards in the above noted cases were for default matters. Of course, those fees are lower than a contested case. But the contested case was not

**Declaration of Gary Harrison**    4

so much more time consuming than the $600.00 or $3,175.00 case to warrant $30,000.00. As noted this was a routine case with no discovery propounded by Defendant, no deposition, no discovery disputes regarding Plaintiff's discovery, no mediation and no unusual issues.

12. As to Request for Judicial Notice number 1, Love v. Guillermo M. Ocampo, 5:15-cv-00034, the near identical forms were used for (EC-1 Complaint; EC-33; 1-13- Plaintiff's MSJ including Bishop and Love Declarations; EC-36 Opposition to Request for Stay). Further all Special Interrogatories, Requests for Admissions, Requests for Production and Rule 26 and scheduling matters were identical but for names. All telephone contacts for meet and confer and all e mails relating to meet and confer covered all three cases.

13. As to Request for Judicial Notice Number 2, Love v. RJR, 5:15-cv-00001 (EC-1) Complaint; Opposition to Request for Stay, all Special Interrogatories, Requests for Admissions, Requests for Production and Rule 26 and scheduling matters were identical but for names. All telephone contacts for meet and confer and all e mails relating to meet and confer covered all three cases.

14. As to Request 3, Love v. Won Kyun Yun 5:13-cv-01581 EC-1 this is one of a random sample of over 50 Love and Potter cases all with near identical Complaints (EC-1 Complaint)

15. As to Request 4, Love v. Angel F. Guerrero 5:13-cv-01655-DMG-SP the following forms were near identical to the forms used in this case: EC-34 as to Discovery forms-EC-50-1-12 for A/Fees forms.

16. As to Request 5, Love v. Angela Yee 5:13-cv-01668-R-OP one more random sample of the boilerplate Complaint. (EC-1 Complaint)

17.     As to Request 6, Love v. Manuel Carmona Jr. 5:14-cv-00235-VAP-SP  the Complaint and Fee Motion are nearly identical to here (EC-1 Complaint; EC-14:1-12 Fee Motion.)

18.     As to Request 7, Love v. Khalid Azzam 5:15-cv-00627-JGB-KK the forms used for the Complaint and Motion for Summary Judgment are nearly identical. Further, exhibits to the Motion for Summary Judgment lodging the Defendant's Responses to Discovery show the Special Interrogatories, Request for Production, and Requests for Admissions were nearly identical to here. (EC-1 Complaint; EC-26:1-17 Motion for Summary Judgment and related pleadings including discovery responses.)

19.     As to Request 8, Michael Tate v. Southcoast Automotive Liquidators, Inc., SACV:14-1748-JLS (JPRx) the court set default fees of $600.00 on June 3, 2015. (EC 14: page 13 of 14 setting Default Fees in similar default case at $600.00 with attorney Mark Potter counsel for Plaintiff June 3, 2015.)

20.     As to Request 9, Langer v. Gregory M. Kelly 8:14-cv-01729-DOC-AN et al. near identical forms to here were used for (EC-1) Complaint; and (EC-12:1-2)  Motion for Summary Judgment. Further, exhibits to the Motion for Summary Judgment lodging the Defendant's Responses to Discovery show the Special Interrogatories, Request for Production, and Requests for Admissions were nearly identical to here.

21.     As to Request 10,  Langer v. Otoniel Tarin 8:14-cv-01674-DOC-AN the court awarded Mr. Potter attorney's fees of $3,750.00 (EC 17 Fee order for $3,570.00)

22.     As to Request 11, Lopez v. S. Kim 2:14-cv-09329-MWF-AGR, near identical forms were used for (EC-1) Complaint; (EC-23:1-12) Motion for

**Declaration of Gary Harrison**                                    6

Summary Judgment; (EC- 26) Reply to Opposition to Motion for Summary Judgment. Further, exhibits to the Motion for Summary Judgment lodging the Defendant's Responses to Discovery show the Special Interrogatories, Request for Production, and Requests for Admissions were nearly identical to here.

23. I have been an attorney since 1992 and have been involved in the practice of law at all times since. Until this case and the two (2) other related cases all resulting from Mr. Love's November 4, 2014 visit to San Bernardino, I had never represented a party in an ADA or Unruh case and rarely appeared in Federal Court. No attorneys in the firm of the Law Offices of Michael A. Scafiddi had ever represented a party in an ADA case in Federal Court. My billing rate for this case was $300.00 per hour. That is my rate in all other civil cases for Mr. Scafiddi's office.

24. In the very similar case captioned Love vs. Ocampo, 5:15-cv-00034, Defendant obtained a dismissal of all causes of action in a nearly identical case in terms of complexity, and filed a Motion for Attorney's Fees contending that the Plaintiff's lawsuit in that case was in bad faith. I request the court take Judicial Notice of the Declaration of Gary Harrison filed therein seeking fees in the amount of $14,280.00 (5:15-cv-00034 EC 42:6 page 5 of 8.)

25. There was no reason for me to understate my fees in the 5:15-cv-00034. There was of course an obligation to state the fees accurately. Even though I had to spend time to come up to speed in the ADA, the related state law claims under Unruh, Federal Court procedure in general and had no boiler plate templates to follow, Defendants were able to dispose of the related case for fees of $14,280.00.

26. As to this case, the Defendants' fees expended are similar in the range of $12,000.00. The reason the fees for Defendants are so much lower than

the fees requested by the Plaintiff, in spite of the routine nature of this case to the Plaintiff and the boiler plate templates developed for their pleadings and discovery, is that in the Defendants' case, the Defendants were actually required to pay their bill. As noted in tne Memorandum filed herewith, reasonable fees are based on the amounts charged to **fee paying clients**. In Plaintiff's case, Mr. Love will not be responsible for the billing in any case. The billing reported by the Plaintiff is fictitious and meant only for presentation to the court for a fee award, not realistically related to the time required and not even slightly related to the time that would be spent for a paying client you wished to retain. It is arguable that Defendants should have spent more time and maybe they would not have lost. That idea is refuted by the fact that the Defendant billed a similar amount in the related 00034 case that Defendant obtained dismissal of all causes of action.

27. I request the court to note the Defendants' Points and Authorities filed herein where cases cited recognize serial filing plaintiffs such as here for what they are. Defendants concede that such firms can serve a useful social purpose, but the cases cited in the Defendants' Memorandum precisely describe the negative consequences of serial, drive by filings in its decisions as to standing and pre filing orders. As further noted in the Defendants' Memorandum, other Circuits threaten to exercise their discretion to withhold fees or reduce requested fees for serial filers. While this court must apply the law as it stands and make an award, the court can apply the Kerr factors discussed in the Memorandum and temper that award to conform with reason as required by the cited cases.

28. Based on the line by line analysis of the Plaintiff's requested fees in the Defendants Table of Specific Objections to Plaintiff's Requests for Fees, given that this was a routine case for the Plaintiffs and all of the pleadings used

by Plaintiff, from the Complaint, the discovery all the way through and including the fee motion were for the most part simply boiler plate reprints, with minimal changes, from many prior cases, no defense discovery, no inspections or mediation, no discovery issues, and given the amounts charged by Defendants in this and the related case where Defendant seeks bad faith fees, the reasonable amount of fees for the Plaintiff is **$ 9,535.00** plus reasonable time for Reply to this Opposition. Travel time and time for oral argument for this motion is already included. This is consistent with the awards in other similar cases as noted above and in the concurrent Request for Judicial Notice, wherein the two (2) cases noted with fees awards were for $600.00 on the default schedule and $3,750.00 for another default type case. Of course, this contested case was far more complicated than a default but not nearly ten (10) times more complicated than the $3,750.00 case. Not fifty (50) times more than the $600.00 default schedule case. Not for a firm with over 2,100 similar filings. The issues were routine and there was no discovery by Defendant and only boilerplate discovery from Plaintiff on often used forms. No depositions. No mediation. No discovery disputes. No site inspection. The Summary Judgment forms had been used to a great extent in the numerous other cases in which Plaintiff or his counsel have appeared in this court as noted above. Reasonable time to respond to Plaintiff's Summary Judgment Motion was conceded but Plaintiff's time stated for responding to Plaintiff's Summary Judgment Motion for routine issues of standing and mootness, was overstated by MP and was duplicative. Time stated by MP for preparing Plaintiff's Motion for Summary Judgment is inflated especially as to the time spent on boilerplate declarations with clients and experts used many times before.

29.   I incorporate by reference as if fully set forth herein in its entirety

the Defendants' Table of Specific Objections filed concurrently herewith.

30. Defendants specifically object to the rates for the three senior counsel, MP, RB and PG and contend the correct hourly fee, for the reasons stated in the Memorandum, applying the Kerr factors, is $300.00 per hour. Defendant accepts the rate stated for AL at $200.00 per hour and DP for $250.00 per hour.

I certify under penalty of perjury of the law of the state of California that the foregoing is true and that this Declaration was signed in Riverside County California on November 13, 2015.

Law Offices of Michael A. Scafiddi, Inc.

By: GARY HARRISON, ESQ.
/s/ Gary Harrison, Esq.
GARY HARRISON, ESQ.
Law Offices of Michael A. Scafiddi, Inc.
401 Arrowhead Ave.
San Bernardino, CA 92401
(909) 381-1000
Michael@scafiddilaw.com
Gharrisonsxb@gmail.com
Attorneys for Defendants